RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7/15/05
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| W. CURT TAYLOR | CIVIL ACTION NO. 04-0464 |
| VERSUS | JUDGE HICKS |
| NORTH BIENVILLE PARISH FIRE PROTECTION DISTRICT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the court are two **Motions for Protective Order (Docs. 9 & 18)** filed by Plaintiff. In the first Motion for Protective Order (Doc. 9) filed on May 31, 2005, Plaintiff seeks to bar defendant from conducting any discovery from or making any inquiry of Plaintiff regarding the employer's alleged reasons for terminating Plaintiff's employment. In the second Motion for Protective Order (Doc. 18) filed on June 15, 2005, Plaintiff seeks to prevent Defendants from obtaining his medical, dental and/or pharmacy records. For the reasons that follow, both motions are denied.

This is a suit for alleged "wrongful termination" and alleged "violations of the procedural due process protections of the United States Constitution." Complaint, Doc. 1. Plaintiff alleges he was employed as the chief fireman of the North Bienville Parish Fire Protection District from 1989 until the termination of his employment in July 2003. Complaint, ¶ 3. Plaintiff alleges that, as a civil servant, his employment could not be terminated "without good cause" or other grounds defined by state law. Complaint, ¶ 4.

Plaintiff further alleges that Defendant had no cause to terminate his employment. Complaint, ¶ 5. Plaintiff alleges he was denied the procedural protections afforded by state law and his employment was terminated "without cause and in violation of the law." Complaint, ¶ 8. Plaintiff also alleges his employment was terminated "in bad faith" and for the purpose of circumventing the State's civil service laws. Complaint, ¶ 10.

Plaintiff also asserts a claim against defendant Linda Littrell for intentional interference with his employment relationship. Complaint, ¶¶ 16-20. Plaintiff alleges Littrell undertook a course of action to persuade the employer to violate the civil service rules, terminate Plaintiff's employment and enhance her own employment status. Complaint, ¶ 19.

Plaintiff claims he suffered damages, including extreme emotional distress, because the unjustified termination of his employment "came following a serious health condition and left him without health insurance during a period of time when he was otherwise uninsurable." Complaint, ¶ 12. Plaintiff also seeks reinstatement. Complaint, ¶ 13.

In Defendants' answer, they set forth several affirmative defenses, including the affirmative defense that Plaintiff was terminated "for cause." Answer to original Complaint (Doc. 4) (third affirmative defense).

In the first Motion for Protective Order, Plaintiff claims the basis of his lawsuit is that he was entitled to pre-termination notice, a pre-termination hearing and an opportunity for post-termination review. He further argues that the issue of whether there was just cause to fire him is not relevant either to his due process claim or the Defendants' defense. According

to Plaintiff, if he was an "at will" employee, then the issue of cause is irrelevant. Plaintiff correctly observes that an "at will" employee can be terminated at any time, for any reason or for no reason at all. If, however, Plaintiff was a civil servant, Plaintiff claims the employer's reasons for firing him are still irrelevant because the issue is not why Plaintiff was fired, but how the deprivation occurred.

The court finds Plaintiff interprets his own pleadings and the applicable law too narrowly in an attempt to shield himself from inquiry during the discovery process. Throughout the complaint, there are references to Plaintiff's termination without cause or without good cause. There also is an allegation that Plaintiff's employment was terminated in bad faith. Plaintiff also asserts a claim for intentional interference with his employment contract. Under Federal Rule of Civil Procedure 26(b)(1), parties are entitled to discovery regarding any non-privileged matter that is relevant to the claim or defense of any party. The allegations of Plaintiff's own complaint in this case show that the employer's alleged reasons for terminating Plaintiff's employment are relevant.

Furthermore, as Defendants point out, an employer may defend a denial of due process claim with proof that the employee would have been fired in any event. Hill v. City of Pontotoc, Mississippi, 993 F.2d 422, 425-426 (5th Cir. 1993). When the alleged violation is a denial of procedural due process, damages are limited to those caused by the due process violation. Id. This includes an award of back pay only when there is a finding that the discharge would not have occurred if the employee's procedural due process had been

observed. Id. Therefore, even if the court ignored Plaintiff's own allegations regarding wrongful termination, bad faith, the absence of cause for the termination and interference with his employment contract, evidence regarding Plaintiff's job performance still would be relevant to the issue of relief. This seems especially true here, because Plaintiff also seeks reinstatement. Defendants should be entitled to conduct discovery regarding Plaintiff's job performance and his fitness for the position in light of Plaintiff's claim that he should be reinstated. Accordingly, Plaintiff's **Motion for Protective Order (Doc. 9) is denied**.

With regard to the second Motion for Protective Order, the court finds that Plaintiff's medical, dental and/or pharmacy records are likewise relevant. Plaintiff's Complaint alleges he suffered "extreme emotional distress" because the termination of his employment came following a "serious health condition." Complaint, ¶ 12. Those allegations make Defendants' discovery regarding Plaintiff's medical, dental and/or pharmacy records proper in this case.

Furthermore, as Defendants point out in their opposition, Plaintiff's expert accountant hypothesizes that Plaintiff would have lived to be approximately 80 years old. Plaintiff's medical history, including information regarding his medications, relates to the probability of his living until age 80. Defendants further point out that Plaintiff has listed as a witness Dr. William Haynie, his cardiologist, and Dr. Terry Gardner, a general practitioner. Presumably, Plaintiff will offer testimony regarding the emotional distress or other symptoms which were caused by his termination. Thus, Plaintiff's medical condition directly relates

to the claims and defenses of the parties in this case. Accordingly, Plaintiff's **Motion for Protective Order (Doc. 18)** is **denied**.

Although the court finds Defendants' proposed discovery is relevant and should be allowed, the court makes no determination at this point regarding the *admissibility* of any evidence obtained as a result of that discovery. Determinations with regard to admissibility of the evidence will be determined by the district judge prior to or during the trial. At this stage, the court determines only that Defendants' proposed discovery which is the subject of Plaintiff's motions for protective orders is proper and should be allowed to proceed.

THUS DONE AND SIGNED at Shreveport, Louisiana, this __15__ day of July, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE