UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| W. CURT TAYLOR | CIVIL ACTION NO. 04-464 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| NORTH BIENVILLE PARISH FIRE PROTECTION DISTRICT, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are cross motions for summary judgment filed by Plaintiff Curt Taylor [Doc. No. 11] and the Defendants, Bienville Parish Fire Protection District, et al. [Doc. No. 47]. Plaintiff has sued the Defendants pursuant to 42 U.S.C. § 1983 and Louisiana state law contending that he was denied due process of law when he was terminated from his position as chief fireman for the North Bienville Fire Protection District ("the District"). Because the Court finds that genuine issues of material fact remain to be resolved by the finder of fact, both motions are **DENIED.**

**FACTUAL BACKGROUND**

**A.    The District and Its Employees.**

The North Bienville Parish Fire Protection District ("the District") is essentially a volunteer fire department. [Doc. No. 42-2, Ex. 1 (Magee affidavit) at ¶ 3]. However, the District had two employees - Taylor and Linda Littrell. [Id.] Taylor was employed as the full-time paid chief fireman. [Doc. No. 11-2 (Plaintiff's Stmt. of Uncontested Facts) at No. 2][1] Littrell is a full-time paid employee for the District and performs clerical duties and

---

[1]The Court accepts only the Statements of Uncontested Fact which the District does not dispute, since Plaintiff's exhibits 1 through 7 do not constitute competent summary judgment evidence (i.e., pleadings, depositions, answers to interrogatories, admissions on file or affidavits). See F.R.C.P. Rule 56; see also Davis v. Howard, 561 F.2d 565 (5th Cir.

assists with the paperwork involved with the day-to-day administration of the business of the District. [Doc. No. 42-2, Ex. 6 (Littrell affidavit) at ¶ 6] Apart from her employment, Littrell is also Secretary-Treasurer for the District. [Id. at ¶¶ 3, 4 & 6]

**B.      Taylor's Work Peformance.**

Edward Magee has been involved with the District for many years as a volunteer firefighter, a member of its governing board, and later as chairman of the Board. [Doc. No. 42-2, Ex. 1 (Magee affidavit) at ¶ 2] Magee testified that several years prior to Taylor's termination, his performance as fire chief began to decline. [Id. at ¶ 2] Magee testified that he did not feel that Taylor was putting forth a good faith effort and that he had excessive absenteeism and was not devoting 40 hours per week to his job. [Id. at ¶ 6] He further testified that Taylor was not making his rounds and left various matters unattended. [Id.]

Magee claims that when he tried to counsel Taylor regarding his concerns, Taylor became irate and blamed Linda Littrell. [Id. at ¶ 7] Magee testified that Taylor's relationship with Littrell became very poor, and that Taylor ultimately stated that either he or Littrell would have to go. [Id.] Taylor also told Magee that he was job hunting and had a prospective job with the Jonesboro Fire Department. [Id.] In a public board meeting on February 18, 2003, Taylor was hostile and argumentative and stated that Littrell wanted him to be a "nigger boy." [Id. at ¶ 8] Magee testified that this was essentially the "last straw" in a long chain of events, and that he believe that Taylor's animosity was extremely disruptive to the Board and could not continue. [Id.]

---

1977); Gilmore v. Royal Indemnity Co., 240 F.2d 101 (5th Cir. 1957). However, the Court also notes that the Defendant properly introduced some of those same documents as attachments to Ms. Littrell's affidavit. Those documents do constitute competent summary judgment evidence.

On February 26, 2003, Taylor underwent open heart surgery. Taylor was cleared by his physician to return to work on June 9, 2003, but his employment was terminated that same day at a special meeting of the Board. [Id. at ¶ 12]

**C.      The Question of Civil Service.**

While Taylor was recuperating from his surgery but before his termination, Magee learned from the Office of the State Examiner that the District was "supposed" to be civil service if it had at least one full-time employee in a classified position. [Id. at ¶ 10] The Board contends that it elicited a legal opinion from the Office of the District Attorney for Bienville Parish and was advised that Taylor was an at-will employee. [Id. at ¶ 11] Accordingly, Taylor was terminated.

The District has never implemented a civil service system. [Id. at ¶ 4]. The Board decided to forego setting up a civil service system because it concluded it was unworkable for its volunteer fire protection district. [Id. at ¶ 13] The Board decided to restructure the department so that there would be no question as to whether it fell under civil service requirements. [Id. at ¶ 13] Magee denies that the Board's decision had anything to do with Taylor's termination. [Id. at ¶ 13]

## LAW AND ANALYSIS

**A.      Summary Judgment Standard**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant cannot meet this burden, then "the motion for summary judgment must be granted." Id., Little, 37 F.3d at 1076.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

**B.     Plaintiff's Due Process Claims.**

Taylor brings due process claims pursuant to 42 U.S.C. § 1983 and Louisiana law. A public employee who has a property interest in his job cannot be fired without due process of law. Cleveland Bd. of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Whether an employee has a property interest in his job is determined by state law. Bishop v. Wood, 426 U.S. 341, 347, 96 S.Ct. 2074, 2078-79, 48 L.Ed.2d 684 (1976). In Louisiana, a permanent classified civil service employee has a protected property interest in his job. Bell v. Dept. of Health and Human Resources, 483 So.2d 945, 949-50 (La. 1986). Accordingly, Taylor's due process claims are premised on his contention that his former position as chief fireman was a civil service position under Louisiana law. The Court finds that genuine issues of material fact remain as to whether Taylor's position was a classified civil service position. That is a question for the finder of fact. See Wallace v. Shreve Memorial Library, 97 F.3d 746, 750 (5th Cir. 1996)("We do not say that Wallace is a permanent classified civil service employee; a factfinder will

make that determination.") Further, even assuming that Taylor was indeed a civil service employee, the Court finds that genuine issues of material fact remain as to whether he was deprived of due process of law, whether the District would have terminated his employment anyway, and the appropriate remedies, if any.

**C.     Plaintiff's Intentional Interference with Contract Claim.**

Plaintiff also brings an intentional interference with contract claim against Defendant Linda Littrell. The Court finds that genuine issues of material fact exist as to that claim as well.

**CONCLUSION**

The Court finds that genuine issues of material fact remain as to whether Taylor's position was a classified civil service position, whether he was deprived of due process of law, whether the District would have terminated his employment anyway, and the appropriate remedies, if any. The Court further finds that genuine issues of material fact exist as to his intentional interference with contract claim. These are all questions for the finder of fact and are not appropriate for disposition via summary judgment.

Therefore:

**IT IS ORDERED** that Plaintiff's motion for partial summary judgment [Doc. No. 11] be **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' cross motion for summary judgment [Doc. No. 43] be **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 1st day of March, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE